IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEENE THOMAS,

        Petitioner,

    v.                                          Civ. Act. No. 11-760-LPS

DAVID PIERCE, Warden, and JOSEPH
R. BIDEN, III, Attorney General
of the State of Delaware,

        Respondents.[1]

---

Keene Thomas. Pro Se Petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

August 20, 2015
Wilmington, Delaware

---

[1] Warden David Pierce has replaced former Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

**STARK, U.S. District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Keene Thomas ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. BACKGROUND

In August 2009, a Delaware Superior Court jury convicted Petitioner of trafficking in heroin, possession with intent to deliver a narcotic schedule I controlled substance, and possession of a non-narcotic schedule I controlled substance. *See Thomas v. State*, 8 A.3d 1195, 1196 (Del. 2010). The Superior Court sentenced Petitioner as a habitual offender to a total of nine years in prison, suspended after a mandatory eight years for one year of probation. (D.I. 10 at 1) Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence. *See Thomas*, 8 A.3d at 1199.

Petitioner timely filed the instant Petition. (D.I. 1) The State filed an Answer in opposition, asserting that the Petition should be denied for failing to assert an issue cognizable on federal habeas review. (D.I. 10)

## II. DISCUSSION

In his sole Claim for habeas relief, Petitioner contends that his conviction is illegal because the trial court erred in failing to suppress the evidence seized during the search of his person. Petitioner provides two arguments to support this Claim. First, Petitioner argues that the evidence should have been suppressed on the basis that the police officer who conducted the pat-down search of his person violated his Fourth Amendment rights by performing the search without a reasonable, articulable suspicion that Petitioner was involved in criminal activity. Second, Petitioner contends that the evidence should have been suppressed because the police

officer violated 11 Del. Code Ann. § 1902 by conducting the allegedly illegal pat-down search immediately after detaining Petitioner. For the following reasons, the Court concurs with the State that the Petition does not warrant relief.

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal habeas court cannot review a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1980); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim – and, therefore, avoids the *Stone* bar -- if the state system contains a structural defect that prevented the state court from fully and fairly hearing that Fourth Amendment argument. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). Significantly, "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Id.*

In this case, Petitioner filed a pre-trial motion to suppress the evidence pursuant to Rule 41 of the Delaware Superior Court Rules of Criminal Procedure, and the Superior Court denied that motion only after obtaining additional briefing and conducting a hearing. Petitioner then challenged that decision in his direct appeal to the Delaware Supreme Court, presenting the same arguments raised in the instant Petition. The Delaware Supreme Court rejected Petitioner's arguments as meritless and affirmed the Superior Court's judgment.

This record clearly demonstrates that Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the Delaware state courts. The fact that Petitioner disagrees with these decisions and/or the reasoning utilized therein is insufficient to overcome the *Stone* bar. Therefore, the Court will deny Petitioner's Fourth Amendment argument as barred by *Stone*.

Moreover, it is well-settled that a claim asserting a state law error is not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's related contention that the trial court should have suppressed the evidence because the officer did not comply with the requirements in 11 Del. Code Ann. § 1902 clearly asserts an error of Delaware law. Therefore, to the extent Petitioner relies on § 1902 for relief, the Court will deny the argument for failing to assert a proper basis for federal habeas review.

Accordingly, the Court will deny the Petition in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief and believes that reasonable jurists would not find this conclusion to be debatable. Thus, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.